**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARY LEON MORTON,
Petitioner-Appellant,

v.

No. 98-6066

NORTH CAROLINA ATTORNEY
GENERAL; RICK JACKSON,
Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-97-27-2)

Submitted: October 6, 1998

Decided: October 29, 1998

Before ERVIN, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Gary Leon Morton, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Leon Morton appeals a district court's order denying certification of a legal issue for interlocutory appeal. Morton filed a 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) petition in the district court. The case was referred to a magistrate judge. The magistrate judge dismissed the petition without prejudice to filing a new petition because Morton did not fill out the § 2254 application correctly. Morton then filed a motion requesting that the limitations period of 28 U.S.C.A. § 2244(d)(1) (West Supp. 1998) be tolled. The magistrate judge filed an order granting Morton until May 6, 1997, to file a proper petition. On October 2, 1997, Morton filed another motion to further stay the running of the limitations period. The magistrate judge denied Morton's request on October 15, 1997.

Morton next filed a document on October 29, 1997, titled "Interlocutory Appeal." The filing moved the district court "for further review of the order issued by the United States Magistrate . . . filed: 15 October 1997." (R. 9). Morton stated that he was filing the interlocutory appeal under the Federal Rules of Appellate Procedure. However, he directed his motion to the district court, asked that court to review the magistrate judge's order, and did not mention the Fourth Circuit or the Court of Appeals anywhere in his pleading.* Morton's motion details the merits of his last motion for stay of the statute of limitations period that was denied by the magistrate judge. Under the heading of "Relief Sought," Morton requested that the district court review all materials and grant him the opportunity to submit his habeas petition. The district court construed Morton's "interlocutory appeal" as a motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b)(1994).

Under 28 U.S.C. § 636(b)(1)(A) (West 1993 & Supp. 1998), non-dispositive pretrial matters, such as the limitations period issue here, may be referred to a magistrate judge for hearing and determination. A district judge may reconsider a magistrate judge's non-dispositive

---

*To be a valid notice of appeal to this court, the pleading "must name the court to which the appeal is taken." Fed. R. App. P. 3(c).

ruling "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a), (b). We find that the district court should have interpreted this filing as a timely objection to a magistrate judge's order under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Morton's interlocutory appeal did not use any language indicating that he was seeking certification under 28 U.S.C. § 1292(b). It sought review of the magistrate judge's last order denying a further stay of the limitations period by the district court and the opportunity to file his habeas petition. The district court's order does not address the merits of Morton's claims regarding the necessity for a further stay of the limitations period. Because the district court order did not address the relief sought by Morton, the order is vacated and the case remanded for reconsideration of the magistrate judge's order entered October 15, 1997.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3